UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO LEYVA, an individual, | NO. |
| Plaintiff, | King Co. Superior Court No. 09-2-356050-SEA |
| vs. | |
| RAYMARK COMPANY, INC., d/b/a RAYMARK PLUMBING & SEWER, a Washington corporation, MARGARET HAYES, an individual, | NOTICE OF REMOVAL |
| Defendants. | |

Defendants Raymark Company, Inc., d/b/a Raymark Plumbing & Sewer and Margaret Hayes hereby provide notice pursuant to 28 U.S.C. § 1441(b) of the removal to federal court of the state court action described below, based on the following facts:

1.      On or about September 29, 2009, a lawsuit was filed in the Superior Court of the State of Washington in and for the County of King entitled *Francisco Leyva v. Raymark Company, Inc., d/b/a Raymark Plumbing & Sewer, and Margaret Hayes,* under Case No. 09-2-35605-0 SEA. A copy of the summons and complaint is attached as Exhibit 1.

2.      The summons and complaint were served on Defendants on or about October 26, 2009. This date also was the first time that Defendants received notice of

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1    this lawsuit.

2        3.    This notice of removal is filed within 30 days after receipt of the summons

3    and complaint by the Defendants and therefore this notice of removal is timely under the

4    provisions of 28 U.S.C. § 1446(b).

5        4.    Under 28 U.S.C. § 1331, this Court has jurisdiction of any civil action

6    arising under federal law, including the claims of disability discrimination in violation of

7    428 U.S.C. § 12101 asserted in Plaintiff's Complaint.

8        5.    Plaintiff's Complaint asserts disability discrimination claims under federal

9    law, disability discrimination claims under Washington law, and a wage claim under

10   Washington law. Under 28 U.S.C. § 1367 this Court also has supplemental jurisdiction

11   over plaintiff state law claims, which are so related to the federal claims that they are part

12   of the same case or controversy.

13       6.    In addition to the summons and complaint attached as Exhibit 1,

14   Defendants were also served with a Case Information Cover Sheet and Area Designation

15   and Order Setting Civil Case Schedule. These documents are attached as Exhibit 2.

16   Plaintiff also filed a motion for the Pro Hac Vice admission of out of state counsel. Those

17   documents are attached as Exhibit 3.

18       Dated this _30th_ day of October, 2009.

GORDON THOMAS HONEYWELL LLP
Attorneys for Defendant

By: *Stephanie Bloomfield*

Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com

NOTICE OF REMOVAL - 2 of 3
[1453714 v2.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the ___ day of October, 2009, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following:

Sean M. Phelan
Frank Freed Subit & Thomas
705 2nd Avenue, Suite 1200
Seattle, WA 98104-1798

*Gina A. Mitchell*

Gina A. Mitchell, Legal Assistant
of GORDON, THOMAS, HONEYWELL LLP

NOTICE OF REMOVAL - 3 of 3
[1453714 v02.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

# EXHIBIT 1

1

2

3

4

5

6

7

8

9

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

10    FRANCISCO LEYVA, an individual,

11                              Plaintiff,              No.    09-2-35605-0 SEA

12        vs.

13    RAYMARK COMPANY, INC., d/b/a              SUMMONS (20-DAY)
14    RAYMARK PLUMBING & SEWER,
      a Washington corporation, MARGARET
15    HAYES, an individual,

16

17                              Defendants.

18

19    **TO THE DEFENDANT MARGARET HAYES:**  A lawsuit has been started

20    against you in the above-entitled court by Francisco Leyva, Plaintiff.  Plaintiff's claim is

21    stated in the written Complaint, a copy of which is served upon you with this summons.

22            In order to defend against this lawsuit, you must respond to the complaint by

23    stating your defense in writing, and serve a copy upon the person signing this summons

24    within 20 days after service of this summons, excluding the day of service, or a default

25    judgment may be entered against you without notice.  A default judgment is one where

26    plaintiff is entitled to what he asks for because you have not responded.  If you serve a

27

SUMMONS (20-DAY)
Page 1 of 2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1  notice of appearance on the undersigned person, you are entitled to notice before a

2  default judgment may be entered.

3      You may demand that the Plaintiff file this lawsuit with the court. If you do so,

4  the demand must be in writing and must be served upon the person signing this

5  summons. Within 14 days after you serve the demand, the Plaintiff must file this

6  

7  lawsuit with the court, or the service on you of this summons and complaint will be

8  void.

9      If you wish to seek the advice of an attorney in this matter, you should do so

10  promptly so that your written response, if any, may be served on time.

11      This summons is issued pursuant to RCW 48.17.340 and Rule 4 of the Superior

12  Court Civil Rules of the State of Washington.

13      DATED: September 29, 2009

14  

15  

16                    FRANK FREED SUBIT & THOMAS, LLP

17  

18  By: _____

19            Sean M. Phelan #27866

          Attorneys for Plaintiff Francisco Leyva

20  

21  

22  

23  

24  

25  

26  

27  

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

SUMMONS (20-DAY)
Page 2 of 2

1
2
3
4
5
6
7
8
9

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

10  FRANCISCO LEYVA, an individual,

11                                    Plaintiff,        No.        09-2-35605-0 SEA

12        vs.                                           COMPLAINT FOR DAMAGES

13  RAYMARK    COMPANY,    INC.,    d/b/a
    RAYMARK PLUMBING & SEWER,
14  a Washington corporation, MARGARET
    HAYES, an individual,
15
                                   Defendants.
16

17                        **I.  NATURE OF ACTION**

18        1.1    This is an action for disability discrimination in violation of The

19  Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and the

20
    Washington Law Against Discrimination, RCW 49.60 *et. seq.*, (the "WLAD"), and for
21
22  unpaid wages, penalties, and overtime compensation pursuant to the Washington

23  Minimum Wage Act, RCW 49.46, *et seq.*, and RCW 49.52.050 and 40.52.070.

24                              **I.  PARTIES**

25        2.1    Plaintiff Francisco Leyva resides in King County, Washington, and is a

26  former employee of Raymark Company, Inc. d/b/a Raymark Plumbing & Sewer.

27

FRANK FREED
SUBIT & THOMAS LLP
COMPLAINT FOR DAMAGES -1                    Suite 1200 Hoge Building, 705 Second Avenue
                                            Seattle, Washington 98104-1798
                                            (206) 682-6711

ORIGINAL

2.2    Defendant Raymark Company, Inc. d/b/a Raymark Plumbing & Sewer is a Washington Corporation, with its principal place of business in King County, that employs more than 15 employees, and does business in King County Washington and elsewhere.

2.3    Upon information and belief, Defendant Margaret Hayes is a resident of King County, Washington, and upon further information and belief, owns and manages defendant Raymark Company, Inc. d/b/a Raymark Plumbing & Sewer.

## III.  JURISDICTION AND VENUE

3.1    This court has subject matter jurisdiction over plaintiff's claims pursuant to RCW 2.08.010 and RCW 49.60.

3.2    This court has personal jurisdiction over the defendants pursuant to RCW 4.28.080.

3.3    Venue properly rests with this court pursuant to RCW 4.12.025(1) & (3), and LR 82(e)(4)(iv).

## IV.  EVENTS

4.1    Raymark Company, Inc. d/b/a Raymark Plumbing & Sewer (hereinafter "Raymark") hired Mr. Leyva as a drain technician in 2004, where he worked until he was terminated unlawfully on August 22, 2008.

4.2    Throughout Mr. Leyva's employment, Raymark gave Mr. Leyva consistent pay raises.  In the approximately four years Mr. Leyva worked at Raymark, he received a promotion, three pay raises, and bonuses.

4.3    Regardless whether Mr. Leyva took a meal break during his shift, Ms. Hayes and Raymark had a policy of automatically deducting time for a meal break from

COMPLAINT FOR DAMAGES -2

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

his wages. More often than not, Mr. Leyva was not permitted to take his meal break, even though this time was automatically deducted from his time records, which resulted in underpayment of wages.

4.4    Throughout Mr. Leyva's employment, Mr. Leyva's performance reviews were positive.

4.5    During his employment, part of Mr. Leyva's compensation for his work included health insurance benefits.

4.6    In 2008, Mr. Leyva was diagnosed with scleroderma. Prior to that time, Mr. Leyva had also been diagnosed with Raynaud's Phenomenon, or Raynaud's Disease. Mr. Leyva's conditions can be devastating and potentially fatal and require consistent medical consultation and treatment.

4.7    In mid-2008, Ms. Hayes announced in a company meeting that Raymark had to switch health care plans because the employees' use of the plan had resulted in increased cost to Raymark. At that meeting, Ms. Hayes discouraged Raymark employees from going to see the doctor.

4.8    On or about August 8, 2008, Mr. Leyva informed his supervisor, Mr. Steve Allen, that he had been diagnosed with a disability, that he could still perform his job duties, but needed time off for medical appointments.

4.9    Mr. Leyva was able to manage his potentially debilitating disease with frequent medical consultation and medication, which he was only able to access with his company benefits, while employed at Raymark.

4.10    Thereafter, Ms. Hayes also asked Mr. Leyva about his disability, and how it affected his ability to function. Mr. Leyva told Ms. Hayes he sometimes needed

COMPLAINT FOR DAMAGES -3

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1  to take time off from work for doctor visits. He also told her that he needed to rely on

2  his health insurance plan to pay for his medical treatment.

3      4.11   Even after Mr. Leyva gave them notice of his disability, Raymark did not

4  initiate or engage in an interactive process with Mr. Leyva regarding his disability or

5  how it could be accommodated.

6      4.12   Instead, on or about August 22, 2008, Ms. Hayes informed Mr. Leyva

7  that he was fired from his position, effective immediately.

8

9      4.13   At all times pertinent to this complaint, Mr. Leyva was able to perform

10  the essential functions of his job with reasonable accommodation.

11      4.14   Defendant fired Mr. Leyva because of his disability or because defendant

12  regarded him as disabled.

13      4.15   As a result of defendant's discriminatory conduct, Mr. Leyva has

14  suffered lost past and future earnings benefits, emotional distress, and exacerbation of

15  his medical condition.

16

17      4.16   Mr. Leyva filed a Charge of Discrimination on June 15, 2009 with the

18  Equal Employment Opportunity Commission (attached hereto as Exhibit A).   He

19  subsequently received a Notice of Right to Sue Letter on July 6, 2009 (attached hereto

20  as Exhibit B).  Accordingly, Mr. Leyva exhausted his administrative remedies.

21          **V.  FIRST CAUSE OF ACTION:**
22  **DISABILITY DISCRIMINATION (DISPARATE TREATMENT) IN**
       **VIOLATION OF 42 U.S.C. § 12101, et seq.**
23              **(against Raymark)**

24      5.1   Plaintiff realleges paragraphs 1.1 through 4.16 as if fully set forth herein.

25

26

27

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

COMPLAINT FOR DAMAGES -4

5.2    At the time he was fired, on or about August 22, 2008, Mr. Leyva was a qualified individual with a disability or was regarded by defendant as having a disability within the meaning of the ADA.

5.3    Defendant terminated Mr. Leyva's employment on the basis of his disability or because defendant regarded him as disabled, or Mr. Leyva's disability was a motivating factor in Raymark's decision, in violation of the ADA.

5.4    At all times pertinent, Mr. Leyva performed his job duties satisfactorily or better.

5.5    Raymark discharged Mr. Leyva shortly after discussing Mr. Leyva's disability with him, and replaced Mr. Leyva with someone who is not disabled and who is not regarded as disabled.

5.6    As a direct and proximate result of defendant's unlawful conduct, Mr. Leyva has suffered and continues to suffer lost wages and benefits, lost future earnings, exacerbation of his medical condition, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

## VI.   SECOND CAUSE OF ACTION: DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE) IN VIOLATION OF 42 U.S.C. § 12101 *et seq.* (against Raymark)

6.1    Plaintiff realleges paragraphs 1.1 through 5.6 as if fully set forth herein.

6.2    At the time he was fired, on or about August 22, 2008, Mr. Leyva was a qualified individual with a disability or was regarded by defendant as having a disability within the meaning of the ADA.

6.3    Raymark was given notice of Mr. Leyva's disability.

COMPLAINT FOR DAMAGES -5

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

6.4    Mr. Leyva requested that Raymark afford him the reasonable accommodation of allowing him to take leave from work to attend doctor's appointments to treat his disability. With this accommodation, Mr. Leyva would have been able to continue performing the essential functions of his job, as he had always done.

6.5    Rather than allow Mr. Leyva to take leave to receive treatment for his conditions, however, Raymark failed to reasonably accommodate Mr. Leyva's disability or to make any inquiries about possible accommodations that would enable him to remain in his position as plumbing apprentice. Instead, defendant fired Mr. Leyva, in violation of the ADA and the WLAD

6.6    As a direct and proximate result defendant's unlawful conduct, Mr. Leyva has suffered and continues to suffer lost wages and benefits, lost future earnings, exacerbation of his medical condition, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

### VII.  THIRD CAUSE OF ACTION: FAILURE TO ACCOMMODATE (RCW 49.60) (against Hayes and Raymark)

7.1    Plaintiff realleges paragraphs 1.1 through 6.6 above as if fully set forth herein.

7.2    During his employment at Raymark, Mr. Leyva had a disability within the meaning of RCW 49.60.

7.3    Mr. Leyva gave Raymark and Ms. Hayes notice of his disability and his need for reasonable accommodation.

COMPLAINT FOR DAMAGES -6

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

7.4     Raymark and Ms. Hayes failed to engage in an interactive process to determine the nature and extent of Mr. Leyva's disability or possible accommodations that would enable him to perform his duties, and utterly failed to reasonably accommodate Mr. Leyva's disability.

7.5     As a direct and proximate result of defendant's failure to accommodate his disability, Mr. Leyva's condition was significantly exacerbated.

7.6     As a direct and proximate result of defendant's failure to accommodate his disability, Mr. Leyva has suffered and continues to suffer lost wages and benefits, lost future earnings, exacerbation of his medical condition, pain, suffering, mental anguish, emotional distress, and other damages in amounts to be proved at trial.

## VIII.  FOURTH CAUSE OF ACTION:
## DISABILITY DISCRIMINATION UNDER RCW 49.60

8.1     Plaintiff realleges paragraphs 1.1 through 7.6 as if fully set forth herein.

8.2     The WLAD, RCW 49.60 et seq., prohibits discrimination on the basis of disability.

8.3     Margaret Hayes and Raymark treated Mr. Leyva differently from other employees and terminated his employment, because of his disability, or because Ms. Hayes and Raymark regarded him as disabled, in violation of RCW 49.60.180.

8.4     As a direct and proximate result of defendants' unlawful conduct, Mr. Leyva has suffered and continues to suffer lost wages and benefits, lost future earnings, exacerbation of his medical condition, emotional distress, humiliation, loss of enjoyment of life, and other damages in amounts to be proved at trial.

COMPLAINT FOR DAMAGES -7

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

## IX.   FOURTH CAUSE OF ACTION:
### FAILURE TO PAY WAGES OWED (RCW 49.46 *et seq.*, 49.52.050 & 49.52.070)
### (against Hayes and Raymark)

9.1   Plaintiff realleges paragraphs 1.1 through 8.4 as if fully set forth herein.

9.2   Mr. Leyva is an "employee" within the meaning of the Washington Minimum Wage Act, and RCW 49.52.050 and 49.52.070.

9.3   Throughout Mr. Leyva's employment at Raymark, Defendants Raymark and Hayes failed to provide all meal and rest breaks to which Mr. Leyva was entitled. Regardless whether Mr. Leyva received a meal or rest break, Raymark and Hayes automatically deducted time from Mr. Leyva's time records, which resulted in underpayment of Mr. Leyva's wages.

9.4   On two or more occasions, Mr. Leyva has requested his personnel file, payroll and other records from Raymark pursuant to RCW 49.12.250.  However, to date, Raymark has refused to produce all the foregoing documents, in disregard of its statutory obligation.

9.5   Hayes and Raymark violated RCW 49.46.130 by failing to pay overtime to Mr. Leyva in an amount equal to one and one-half times his regular rate, times the amount of overtime he worked.

9.6   Hayes and Raymark willfully failed to pay Mr. Leyva overtime wages in violation of RCW 49.52.050(2) and 49.52.070.  Consequently, Mr. Leyva is entitled to exemplary damages pursuant to Washington law.

## X.   PRAYER FOR RELIEF

Plaintiff requests this court grant the following relief to correct defendant's unlawful actions:

COMPLAINT FOR DAMAGES -8

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

1     10.1   General compensatory damages for emotional distress, humiliation, loss

2  of enjoyment of life, exacerbation of his medical condition, and mental anguish;

3     10.2   Special damages including, but not limited to, lost wages, including front

4  and back pay, and lost medical, and other lost pecuniary benefits of employment;

5     10.3   A declaratory judgment that defendant's actions violated plaintiff's rights

6  under RCW 49.60.180;

7

8     10.4   Reasonable attorneys' fees, expert witness fees, and costs and expenses;

9     10.5   Pre- and post-judgment interest at the maximum rate allowed by law;

10    10.6   Exemplary or punitive damages, including but not limited to twice the

11  amount of wages unlawfully withheld as alleged in the third cause of action; and,

12    10.7   Such other and further and different relief as the court deems just and

13  proper.

14     DATED this 29th day of September, 2009.

15

16     FRANK FREED SUBIT & THOMAS

17

18

19     By:

20     Sean M. Phelan, WSBA #27866
       Attorneys for Plaintiff

21

22

23

24

25

26

27

COMPLAINT FOR DAMAGES -9

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

EEOC Form 5 (501)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ___ FEPA<br>_X_ EEOC | |

Seattle Human Rights Commission _____ and EEOC
_State or local Agency, if any_

| Name (Indicate Mr. Ms. Mrs.)<br>Mr. Francisco Leyva | Home Phone (Incl. Area Code)<br>(206) 409-0361 | Date of Birth<br>08-18-1983 |
|---|---|---|
| Street Address<br>10215 Lake City Way NE, Apt. 322; | City, State and ZIP Code<br>Seattle, WA 98125 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>Raymark Plumbing & Sewer | No. Employees, Members<br>20+ | Phone No. (Include Area Code)<br>(206) 440-9077 |
|---|---|---|
| Street Address<br>10710 Lake City Way N.E.; | City, State and ZIP Code<br>Seattle, WA 98125 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br><br>__ RACE  __ COLOR  __ SEX  __ RELIGION  __ NATIONAL ORIGIN<br><br>__ RETALIATION  __ AGE  _x_ DISABILITY  __ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest        Latest<br>                August 22, 2008<br><br>__ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I have a disability. I began work for Raymark in 2004 as a Drain Technician and became a Plumbing Apprentice in 2007. Raymark employs in excess of 20 employees. I believe I have been discriminated against due to disability because: (1) I satisfactorily performed my job duties; (2) In 2008, I began going to the doctor appointments every other week for the treatment of my disability. I scheduled my appointments in the late afternoon to miss the least amount of work as possible. After some of my appointments, the owner of Raymark, Margaret Hayes, or my supervisor, Steve Allen, would ask me about the nature of my medical condition. I declined to share the name or details of my disability; (3) On or about August, 2008, in response to Mr. Allen's questions, I finally told him the name of my disability, Scleroderma; (4) Later that month at a staff meeting, Ms. Hayes announced that Raymark's business was doing well due to a great reputation and great work by staff; (5) On or about August 22, 2008, in response to Ms. Hayes' questions, I informed her that there are two types of Scleroderma and that I have the type that attacks the outside and the inside of the body, including the stomach, liver and lungs; (6) Later that day, Ms. Hayes discharged me for the alleged reasons that business was slow and Mr. Allen would not be able to supervise my work while he was on leave for surgery. Other similarly-situated employees, not of my protected class, were not discharged for slow business or lack of Mr. Allen's supervision during his week-long leave for surgery; (7) On or about September 1, 2008, Raymark cancelled my health insurance.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br><br>6-15-09<br>Date        Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT ___A___

EEOC Form 161-B (3/98)                    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Francisco Leyva<br>10215 Lake City Way Ne, Apt. 322<br>Seattle, WA 98125 | From:  **Seattle Field Office**<br>**909 First Avenue**<br>**Suite 400**<br>**Seattle, WA 98104** |

RECEIVED

JUL 0 6 2009

FRANK FREED SUBIT & THOMAS LLP

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **551-2009-01666** | **Frances F. Palmer,**<br>**Enforcement Supervisor** | **(206) 220-6865** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[X]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

A. Luis Lucero, Jr.,
**Director**

JUL 0 2 2009

*(Date Mailed)*

Enclosures(s)

cc:   **RAYMARK PLUMBING & SEWER**
      c/o Stephanie Bloomfield
      **GORDON THOMAS HONEYWELL**
      1201 Pacific Avenue, Ste 2100
      Tacoma, WA 98402

      Sean M. Phelan
      FRANK FREED
      705 Second Avenue, Ste 1200
      Seattle, WA 98104-1798

## EXHIBIT___B_____

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
**and**
**CASE INFORMATION COVER SHEET**
**(cics)**

In accordance with LCR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet
pursuant to King County Code 4.71.100.

09-2-35605-0 SEA

CASE NUMBER: _____

CASE CAPTION: _____Leyva v. Raymark, et al,_____

I certify that this case meets the case assignment criteria, described in King County LCR 82(e), for the:

____X____ **Seattle Area**, defined as:

        All of King County north of Interstate 90 and including all of the Interstate 90
        right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and
        North Bend; and all of Vashon and Maury Islands.

_____ **Kent Area**, defined as:

        All of King County south of Interstate 90 except those areas included in the
        Seattle Case Assignment Area.

_____                    _____
Signature of Petitioner/Plaintiff                                    Date

or

_____                    9/29/09
Signature of Attorney for                                              Date
Petitioner/Plaintiff

__27866__
WSBA Number

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check <u>one</u> category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

### ADOPTION/PATERNITY

- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity, Establish/Disestablish (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Out-of-State Custody Order Registration (OSC 5)
- [ ] Out-of-State Support Order Registration (FJU5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

### APPEAL/REVIEW

- [ ] Administrative Law Review (ALR 2)*
- [ ] DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*

### CONTRACT/COMMERCIAL

- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship With No Children (MER 2)* and Not Pregnant
- [ ] Third Party Collection (COL 2)*

### DOMESTIC RELATIONS

- [ ] Annulment/Invalidity (INV3)*
   with dependent children? Y / N; wife pregnant? Y / N
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
   wife pregnant? Y / N
- [ ] Enforcement/Show Cause- Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Supprt Only (PPS 3)* ££
- [ ] Legal Separation (SEP 3)*
   with dependent children? Y / N; wife pregnant? Y / N
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (OSC 3)
- [ ] Out-of-State Support Court Order Registration (FJU 3)
- [ ] Relocation Objection/Modification (MOD 3)*

### DOMESTIC PARTNERSHIPS-REGISTERED

- [ ] Dissolution of Domestic Partnership With Children (DPC 3)'
- [ ] Dissolution of Domestic Partnership- No Children- (DPN3)*   pregnant? Y / N
- [ ] Invalidity of Domestic Partnership (INP 3)*
   with dependent children? Y / N; pregnant? Y / N
- [ ] Legal Separation of Domestic Partnership (SPD 3)*
   with dependent children? Y / N; pregnant? Y / N

### DOMESTIC VIOLENCE/ANTIHARASSMENT

- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Sexual Assault Protection Order (SXP 2)
- [ ] Vulnerable Adult Protection (VAP 2)

**£** Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County     * The filing party will be given an appropriate case schedule at time of filing.   ** Case schedule will be issued after hearing and findings.

016
RAYMARK PLUMBING ← GTH FAX 016/034     10/26/2009 14:51 IFAX 720.Tax@gtb-law.com
10/26/2009 15:35 FAX 2064409280

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check <u>one</u> category that best describes this case for indexing purposes.

**JUDGMENT**

☐ Confession of Judgment (MSC 2)*
☐ Judgment, Another County, Abstract (ABJ 2)
☐ Judgment, Another State or Country (FJU 2)
☐ Tax Warrant (TAX 2)
☐ Transcript of Judgment (TRJ 2)

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*
☐ Foreclosure (FOR 2)*
☐ Land Use Petition (LUP 2)*
☐ Property Fairness (PFA 2)*
☐ Quiet Title (QTI 2)*
☐ Unlawful Detainer (UND 2)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
☐ Certificate of Rehabilitation (MSC 2)
☐ Change of Name (CHN 2)
☐ Deposit of Surplus Funds (MSC 2)
☐ Emancipation of Minor (EOM 2)
☐ Frivolous Claim of Lien (MSC 2)
☐ Injunction (INJ 2)*
☐ Interpleader (MSC 2)
☐ Malicious Harassment (MHA 2)*
☐ Non-Judicial Filing (MSC 2)
☒ Other Complaint/Petition(MSC 2)*
☐ Seizure of Property from the Commission of a Crime (SPC 2)*
☐ Seizure of Property Resulting from a Crime (SPR 2)*
☐ Structured Settlements (MSC 2)*
☐ Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

☐ Absentee (ABS 4)
☐ Disclaimer (DSC4)
☐ Estate (EST 4)
☐ Foreign Will (FNW 4)
☐ Guardian (GDN4)

☐ Limited Guardianship (LGD 4)
☐ Minor Settlement (MST 4)
☐ Notice to Creditors – Only (NNC 4)
☐ Trust (TRS 4)
☐ Trust Estate Dispute Resolution Act/POA (TDR 4)
☐ Will Only—Deceased (WLL4)

**TORT, ASBESTOS**

☐ Personal Injury-Schroeter Goldmark (PIN 2)*
☐ Personal Injury- Other (PIN 2)
☐ Wrongful Death- -Schroeter Goldmark (WDE 2)*
☐ Wrongful Death- Other (WDE 2)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*
☐ Medical Doctor (MED 2)*
☐ Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*
☐ Non-Death Injuries (TMV 2)*
☐ Property Damage Only (TMV 2)*
☐ Victims Vehicle Theft (VVT 2)*

**TORT, NON-MOTOR VEHICLE**

☐ Implants (PIN 2)
☐ Other Malpractice (MAL 2)*
☐ Personal Injury (PIN 2)*
☐ Products Liability (TTO 2)*
☐ Property Damage (PRP 2)*
☐ Property Damage –Gang (PRG 2)*
☐ Tort, Other (TTO 2)*

**WRIT**

☐ Habeas Corpus (WHC 2)
☐ Mandamus (WRM 2)**
☐ Review (WRV 2)**

* The filing party will be given an appropriate case schedule at time of filing.    ** Case schedule will be issued after hearing and findings.

# EXHIBIT 2

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| Leyva | | NO.  09-2-35605-0    SEA |
| | | Order Setting Civil Case Schedule (*ORSCS) |
| | Plaintiff(s) | |
| vs | | ASSIGNED JUDGE  Bradshaw         1 |
| Raymark, et al. | | FILE DATE:                    09/29/2009 |
| | Defendant(s) | TRIAL DATE:                 03/21/2011 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

MIA  WADLEIGH
_____
Print Name

_____
Sign Name

### I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)    REV. 12/08    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue 09/29/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue 03/09/2010 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue 03/09/2010 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)]. | Tue 03/23/2010 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 10/18/2010 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 11/29/2010 | |
| DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | Mon 12/13/2010 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon 12/13/2010 | * |
| DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | Mon 01/31/2011 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Tue 02/22/2011 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 02/28/2011 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 02/28/2011 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 03/07/2011 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 03/14/2011 | * |
| DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 03/14/2011 | * |
| Trial Date [See KCLCR 40]. | Mon 03/21/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:  09/29/2009

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report:
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

### MOTIONS PROCEDURES

#### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not Involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

## C.  Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

# EXHIBIT 3

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

FRANCISCO LEYVA, Plaintiff

v.

RAYMARK, ET AL., Defendants

**NO.** 09-2-356050-0 SEA

**NOTICE FOR HEARING**
**SEATTLE COURTHOUSE ONLY**
(Clerk's Action Required ) (NTHG)

TO:    **THE CLERK OF THE COURT** and to all other parties listed on Page 2:

   **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to note this issue on the calendar checked below.

Calendar Date: _November 10, 2009_    Day of Week: _Tuesday_

Nature of Motion: _Motion for Limited Admission Pursuant to APR 8 (b)_

| CASES ASSIGNED TO INDIVIDUAL JUDGES – Seattle |
|---|
| If oral argument on the motion is allowed (LCR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. **Working Papers:** The *judge's name*, date and time of hearing *must* be noted in the upper right corner of the Judge's copy. *Deliver Judge's copies to Judges' Mailroom at C203.* |

   [X] Without oral argument (Mon - Fri)    [ ] With oral argument Hearing
   Date/Time: _Tuesday, November 10, 2009_
   Judge's Name: _Timothy Bradshaw_    Trial Date: _3/21/11_

| CHIEF CRIMINAL DEPARTMENT - Seattle in E1201 |
|---|
| [ ] Bond Forfeiture 3:15 pm, 2nd Thur of each month |
| [ ] Certificates of Rehabilitation- Weapon Possession **(Convictions from Limited Jurisdiction Courts)** 3:30 First Tues of each month |

| CHIEF CIVIL DEPARTMENT – Seattle – (Please report to E209 for assignment) |
|---|
| *Deliver working copies to Judges' Mailroom, Room C203. In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing* |

[ ] Extraordinary Writs (Show Cause Hearing) (LCR 98.40)  1:30 p.m. Tues/Wed -report to Room E209

| | **Non-Assigned Cases:** |
|---|---|
| [ ] Supplemental Proceedings (1:30 pm Tues/Wed)(LCR 69) | [ ] Non-Dispositive Motions M-F (without oral argument). |
| [ ] DOL Stays 1:30 pm Tues/Wed | [ ] Dispositive Motions and Revisions (1:30 pm Tues/Wed) |
| [ ] Motions to Consolidate with multiple judges assigned (without oral argument) (LCR 40(b)(4)) | [ ] Certificates of Rehabilitation (**Employment**) 1:30 pm Tues/Wed (LR 40(b)(2)(B)) |

You may list an address that is not your residential address where you agree to accept legal documents.

Sign: _[signature]_    Print/Type Name: _Sean M. Phelan_

WSBA # _27866_    (if attorney)  Attorney for: _Francisco Leyva_

Address: _705 Second Avenue Suite 1200_    City, State, Zip _Seattle, WA_    98107

Telephone: _(206)682-6711_    Date: _10/23/2009_

**DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.**

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

Name  Raymark Company, Inc.           Name_____
Service Address: 10710 Lake City Way NE Service Address:_____
City, State, Zip Seattle, WA   98125    City, State, Zip_____
WSBA#_____Atty For:_____    WSBA#_____Atty For:_____
Telephone #:  (206) 525-6500           Telephone #: _____


Name Margaret Hayes                   Name_____
Service Address: 10710 Lake City Way NE Service Address:_____
City, State, Zip Seattle, WA   98125    City, State, Zip_____
WSBA#_____Atty For:_____    WSBA#_____Atty For:_____
Telephone #: (206) 525-6500           Telephone #: _____


Name_____   Name_____
Service Address:_____   Service Address:_____
City, State, Zip_____   City, State, Zip_____
WSBA#_____Atty For:_____   WSBA#_____Atty For:_____
Telephone #: _____   Telephone #: _____

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice.  List the names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page.  Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue.  The Clerk's Office is on the sixth floor, room E609.  The Judges' Mailroom is Room C203.

The Honorable Timothy Bradshaw

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| FRANCISCO LEYVA, an individual, | |
| Plaintiff, | |
| vs. | No. 09-2-35605-0 SEA |
| RAYMARK PLUMBING & SEWER, a Washington corporation, MARGARET HAYES, an individual, | MOTION FOR LIMITED ADMISSION PURSUANT TO APR 8(b) |
| Defendants. | (PRO HAC VICE) |

## I. RELIEF REQUESTED

The Moving Party named below moves the court for the limited admission of the Applicants for Limited Admission named below for the purpose of appearing as lawyers in this proceeding.

**Identity of Moving Party** (Washington State Bar Association Member):

Name: _____ Sean M. Phelan _____ WSBA No. 27866

Address: _____ 705 Second Avenue Suite 1200 _____

_____ Seattle, WA 98104-1798 _____

Telephone No: (206) 682-6711 Email: sphelan@frankfreed.com

SUPERIOR COURT
APR 8(b) MOTION
Page 1 of 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

**Identity of Applicant for Limited Admission:**

Name: __Bibianne Uychinco Fell_____ Bar No. __23419__

Jurisdiction of Primary Practice: _____State of California_____

Address: _____4330 La Jolla Village Drive___Suite 310_____

_____San Diego, CA  92122_____

Telephone No. _(858) 554-0209_____ Email: __bfell@fleming-pc.com___

Washington Address (if applicable): _____

_____

Telephone No. _____ Email: _____

**Identity of Applicant for Limited Admission:**

Name: __George Eaton Fleming_____ Bar No. __65804__

Jurisdiction of Primary Practice: _____State of California_____

Address: _____4330 La Jolla Village Drive___Suite 310_____

_____San Diego, CA  92122_____

Telephone No. _(858) 554-0500_____ Email: __gfleming@fleming-pc.com__

Washington Address (if applicable): _____

_____

Telephone No. _____ Email: _____

## II. STATEMENT OF THE FACTS

Attorneys Bibianne Fell and George Fleming have been retained by the Plaintiff to represent him in his claims against Raymark Plumbing & Sewer and Defendant Margaret Hayes; both attorneys are admitted to practice in the State of California and are in good standing.

SUPERIOR COURT
APR 8(b) MOTION
Page 2 of 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

### III. STATEMENT OF THE ISSUE

2

The following issue is presented for resolution by the court:

3

Should the Applicants for Limited Admission named above be granted limited

4

admission to the practice of law pursuant to APR 8(b) for the purpose of appearing as a

5

lawyer in this proceeding?

6

### IV. EVIDENCE RELIED UPON

7

This motion is based on the accompanying certifications of the Moving Party and the

8

Applicants for Limited Admission.

9

### V. LEGAL AUTHORITY

10

11

This motion is made pursuant to Rule 8(b) of the Admission to Practice Rules (APR).

12

### VI. PROPOSED ORDER

13

A proposed order granting the relief requested accompanies this motion.

14

RESPECTFULLY SUBMITTED this 23ʳᵈ day of Oct. , 2009.

15

16

17

Sean M. Phelan, WSBA No. 27866
Moving Party

18

### CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION

19

I hereby certify under penalty of perjury under the laws of the State of Washington that:

20

21

1.  I am a member in good standing of the bar of the state or territory of the United

22

States or of the District of Columbia listed above as my jurisdiction of primary practice.

23

2.  I am a resident of and maintain a law practice in that jurisdiction of primary

24

practice.

25

3.  I have read the Rules of Professional Conduct adopted by the Supreme Court of

26

the State of Washington and agree to abide by them.

27

SUPERIOR COURT
APR 8(b) MOTION
Page 3 of 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1

2  State of Washington and agree to abide by them.

3       4.  I have complied with all of the requirements of APR 8(b).

4       5.  I have read the foregoing motion and certification and the statements contained in it

5  are full, true and correct.

6  Signed on _October 16, 2009_ at _San Diego, California_ .

7

8  _Bibanne U. Fell_

9  Bibianne U. Fell, Applicant for Limited Admission

10

11  **CERTIFICATION OF APPLICANT FOR LIMITED ADMISSION**

12  I hereby certify under penalty of perjury under the laws of the State of Washington that:

13       6.  I am a member in good standing of the bar of the state or territory of the United

14  States or of the District of Columbia listed above as my jurisdiction of primary practice.

15       7.  I am a resident of and maintain a law practice in that jurisdiction of primary practice.

16       8.  I have read the Rules of Professional Conduct adopted by the Supreme Court of the

17  State of Washington and agree to abide by them.

18       9.  I have complied with all of the requirements of APR 8(b).

19       10. I have read the foregoing motion and certification and the statements contained in it

20  are full, true and correct.

21  Signed on _October 16, 2009_ at _San Diego, California_ .

22

23  _G E Fl_

24  George E. Fleming, Applicant for Limited Admission

25  **CERTIFICATION OF MOVING PARTY/WSBA MEMBER**

26  I hereby certify under penalty of perjury under the laws of the State of Washington that:

27  SUPERIOR COURT
APR 8(b) MOTION
Page 4 of 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

1       1. I am an active member in good standing of the Washington State Bar

2 Association.

3       2. I will be the lawyer of record in this proceeding, responsible for the conduct of

4 the applicants, and present at proceedings in this matter unless excused by the court.

5       3. On __10/23__ I submitted a copy of this motion together with the required fee

6 of $250 per applicant to the Washington State Bar Association, 1325 4th Ave., Ste. 600,

7 Seattle, WA 98101-2539.

8

9       4. I have complied with all of the requirements of APR 8(b).

10       5. I have read the foregoing motion and certification and the statements contained in

11 it are full, true and correct.

12       Signed on __Oct. 23, 2009__ at __Seattle, WA__.

13

14

15       Sean M. Phelan, Moving Party

16

17

18

19

20

21

22

23

24

25

26

27

SUPERIOR COURT
APR 8(b) MOTION
Page 5 of 5

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

The Honorable Timothy Bradshaw

1

2

3

4

5

6

7

8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

9

10

11

12

13

14

15

FRANCISCO LEYVA, an individual,⟩

    Plaintiff,

    v.

RAYMARK PLUMBING & SEWER, a
Washington corporation, and
MARGARET HAYES, an individual,

    Defendants.

Case No.: 09-2-35605-0 SEA

DECLARATION OF SERVICE

16

17

18

19

20

21

22

23

24

25

26

27

I, Mia Wadleigh, certify and state as follows:

I am a citizen of the United States and a resident of the state of Washington; I am over the age of 18 years and not a party of the within entitled cause. I am employed by the law firm of Frank Freed Subit & Thomas LLP, whose address is 705 Second Avenue, Suite 1200, Seattle, Washington 98104.

I caused to be served upon counsel of record at the addresses and in the manner described below, on October 23, 2009, the following documents:

1.     Notice for Hearing

2.     Motion for Limited Admission Pursuant to APR 8(b)

3.     Proposed Order for Limited Admission Pursuant to APR 8(b); and

2.     Declaration of Service.

DECLARATION OF SERVICE - 1

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

| | | |
|---|---|---|
| 1 | Raymark Company, Inc.<br>10710 Lake City Way NE<br>Seattle, WA 98125 | [ ] U.S. Mail - Regular<br>[ ] U.S. Mail – Return Receipt Requested<br>[X] ABC Legal Messenger<br>[ ] Facsimile |
| 2 | | |
| 3 | Margaret Hayes<br>c/o Raymark Company, Inc.<br>10710 Lake City Way NE<br>Seattle, Wa 98125 | [ ] U.S. Mail - Regular<br>[ ] U.S. Mail – Return Receipt Requested<br>[X] ABC Legal Messenger<br>[ ] Facsimile |
| 4 | | |
| 5 | | |

I hereby declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington on this 23rd day of October, 2009.

MIA WADLEIGH

DECLARATION OF SERVICE- 2

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

The Honorable Timothy Bradshaw

1

2

3

4

5

6

7

8                    IN THE SUPERIOR COURT OF WASHINGTON
9                    IN AND FOR THE COUNTY OF KING

10   FRANCISCO LEYVA, an individual,

11                                    Plaintiff,          No. 09-2-35605-0 SEA

12          vs.                                           ORDER FOR LIMITED ADMISSION
13                                                        PURSUANT TO APR 8(b)
     RAYMARK PLUMBING & SEWER,                            (PRO HAC VICE)
14   a Washington corporation, MARGARET
     HAYES, an individual,
15

16                  Defendants.    .

17

18                              **ORDER**
19
            It is hereby ORDERED that the Applicants for Limited Admission pursuant to
20
21   APR 8(b) BIBIANNE U. FELL and GEORGE EATON FLEMING are admitted to

22   practice as lawyers in this proceeding.  The Moving Party SEAN M. PHELAN shall be

23   the lawyer of record herein, is responsible for the conduct hereof, and shall be present at

24   all proceedings unless excused by this court.

25

26

27

     SUPERIOR COURT                         FRANK FREED
     APR 8(b) ORDER                       SUBIT & THOMAS LLP
     Page 1 of 2                      SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
                                          SEATTLE, WASHINGTON 98104-1798
                                                 (206) 682-6711

1    Dated this ___ day of _____, 2009.

2

3

4
     _____
5    The Honorable Timothy Bradshaw

6

7    Presented by:

8    FRANK FREED SUBIT & THOMAS, LLP

9

10

11   Sean M. Phelan, WSBA #27866
     Moving Party
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SUPERIOR COURT
APR 8(b) ORDER
Page 2 of 2

FRANK FREED
SUBIT & THOMAS LLP
SUITE 1200 HOGE BUILDING, 705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1798
(206) 682-6711

# RAYMARK

**Plumbing & Sewer**

Serving All Your Plumbing & Sewer Needs Since 1977
Service & Repair - Repipes - Rooter Service & Remodels

10710 Lake City Way NE - Seattle, WA 98125
(206) 440-9077   (206) 440-9280  fax

To: _STEPHANIE BLOOMFIELD_

Re: _FRANCISCO LEYVA_

Fax: _1-253-620-6565_

Date: _10/26/09_

Pages: _34_  including cover sheet

From: _SUSAN HOFACKER_

Of: Raymark Plumbing & Sewer

Fax: 206-440-9280

Phone: 206-440-9077

###########################################################

_STEPHANIE_

_ATTACHED PLEASE FIND SUMMONS (20 DAY) - 2 PAGES_
_COMPLAINT FOR DAMAGES 9 PAGES_
_EXHIBIT A & B - 2 PAGES_
_CASE ASSIGNMENT - 3 PAGES_
_ORDER SETTING CIVIL CASE SCHEDULE 6 PAGES_
_NOTICE OF HEARING Set. Int. Disc - 2 PAGES_
_MOTION FOR LIMITED ADMISSION - 5 PAGES_
_DECLARATION OF SERVICES - 2 "_
_ORDER RE LIMITED ADMISSION 2 "_

RAYMAPS981Q!    F: Rayforms Fax Cover Sheet